UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RASHAD HARPER, | ) | NO. CV 17-2209-JFW(E) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| D. ASUNCION, et al., | ) | COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) | |

**BACKGROUND**

Plaintiff, a state prisoner proceeding in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. section 1983 against prison officials at the California State Prison at Lancaster. The Complaint consists of a form Complaint and a handwritten attachment. Defendants are: (1) Warden Debbie Asuncion; (2) Sergeant Karla Graves; (3) Lieutenant J. Varela; (4) Captain Williams; and (5) Correctional officers Roldan, Robles, Chrinos and Ortega. Plaintiff sues all Defendants in their individual capacities only.

///

On August 3, 2017, Defendants filed a "Motion to Dismiss Plaintiff's Complaint, etc." On September 11, 2017, Plaintiff filed "Plaintiff's Opposition, etc."

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff's claims concern a fall Plaintiff assertedly suffered on February 29, 2016. Plaintiff alleges that, on February 18, 2016, prior to the alleged fall, Plaintiff assertedly transferred to a new building and cell (Complaint, attached "Additional Supporting Facts," ¶ 1). Plaintiff assertedly noticed immediately that the upper tier had flooded with water from the shower and that Plaintiff's cell was flooding (id., ¶ 1). Plaintiff's cellmate allegedly told Plaintiff that this condition had been going on "[a]lmost a year" (id.). Plaintiff and his cellmate allegedly told Defendants Roldan, Chrinos, Robles and Ortega that the shower needed to be fixed because water assertedly was flooding the tier and their cell (id., ¶ 2). Defendants allegedly said they would submit a work order to the maintenance department to have the shower fixed and that in the meantime Plaintiff and his cellmate could use a mop to clean up the water in front of their cell (id.).

On February 19, 2016, Plaintiff and his cellmate allegedly complained again about water from the shower assertedly flooding the tier and their cell (id., ¶ 3). Defendants allegedly gave the same response "and nothing was ever done" (id.).
///
///

On February 20, 2016, Plaintiff sent an Inmate Request for Interview to Defendant Graves, assertedly informing her of the flooding problem, asking that it be fixed, and allegedly adding that the condition was "very hazardous & dangerous to inmates & employees" (id., ¶ 4 & Ex. A, p. 1). Plaintiff allegedly never received a response (id., ¶ 4).

On February 22, 2016, Plaintiff allegedly sent an Inmate Request for Interview to Defendant Varela concerning the asserted flooding problem, but Plaintiff claims he never received a response (id., ¶ 5 & Ex. A, p. 2). On February 25, 2016, Plaintiff allegedly sent an Inmate Request for Interview to Defendant Williams requesting that the shower be fixed, to which Plaintiff allegedly never received a response (id., ¶ 6 & Ex. A, p. 3). On February 28, 2016, Plaintiff allegedly sent an Inmate Request for Interview to Defendant Asuncion requesting that the shower be fixed, but Plaintiff claims he did not receive a response (id., ¶ 7). The shower allegedly never was fixed (id., ¶ 6 & Ex. A, p. 4).

On February 29, 2016, Plaintiff allegedly was returning to his cell when he assertedly slipped in "an extreme amount of water" on the tier (id., ¶ 8). Plaintiff allegedly landed on his lower back and hit his head on the ground (id.). Defendants Roldan, Robles, Chrinos and Ortega allegedly came up the stairs (id.). Defendant Roldan allegedly asked Plaintiff if Plaintiff was okay, and Plaintiff reportedly said no (id.) Plaintiff allegedly said he could not move his back or feel his legs (id.). Plaintiff reportedly was placed on a gurney and taken to the triage center to await an ambulance (id.). Plaintiff allegedly

was transported to the hospital and received a "catscan," the results of which assertedly were negative (id., ¶ 9). Plaintiff allegedly was discharged from the hospital the next day (id.). On April 21, 2016, Plaintiff reportedly was diagnosed with left sciatica piriformis syndrome and was instructed to do exercises to help repair the sciatic nerve damage (id., ¶ 11).

Plaintiff attaches to the Complaint copies of purported Inmate Requests for Interview, addressed to Defendants Graves (on February 20, 2016), Varela (on February 22, 2016), Williams (on February 25, 2016) and Asuncion (on February 28, 2016) (Complaint, Ex. A, pp. 1-4). These Requests state that water purportedly was spraying from the shower into the tier, flooding Plaintiff's cell and creating a condition that was "very dangerous to inmates and employees" (id.). Plaintiff also attaches various alleged grievance documents, including a first level review decision stating that inspection of the showers supposedly showed no indications of flooding or safety hazards and that the shower drainage was working properly (id., pp. 11-12). The second and third level appeal decisions allegedly stated that the plumbing issue had been addressed, citing a work order number (id., pp. 13-16).

Plaintiff seeks declaratory relief and compensatory and punitive damages (form Complaint, p. 6).
///
///
///
///

**STANDARDS GOVERNING MOTION TO DISMISS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court must accept as true all non-conclusory factual allegations in the complaint and must construe the complaint in the light most favorable to the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009).

"Generally a court may not consider material beyond the complaint in ruling on a Fed.R.Civ.P. 12(b)(6) motion." Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and footnote omitted); see also Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (on a motion to dismiss, the court may consider "only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice") (citation omitted); Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the Complaint to a plaintiff's moving papers, such as memorandum in opposition to a defendant's motion to dismiss.") (emphasis in

original).  However, the Court may consider facts raised for the first time in an opposition in determining whether to grant leave to amend. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

The Court may not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (citations and quotations omitted); see also Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotations omitted).

**DEFENDANTS' CONTENTIONS**

Defendants contend:

1. The Complaint allegedly fails to state an Eighth Amendment claim;

2. Plaintiff allegedly has failed to plead facts to support the supervisorial liability of Defendants Asuncion, Graves, Williams and Varela; and

3. Defendants allegedly are entitled to qualified immunity.
///
///

**DISCUSSION**

Prison conditions violate the Eighth Amendment if they are incompatible with "the evolving standards of decency that mark the progress of a maturing society." Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Prison officials may not deprive prisoners of the "minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted). The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is reasonable safety." Helling v. McKinney, 509 U.S. 25, 33 (1993) (citation and internal quotations omitted).

To state an Eighth Amendment claim, a plaintiff must allege that prison officials' conduct was sufficiently harmful to establish a constitutional violation (the "objective" test), and that the officials acted with a sufficiently culpable state of mind (the "subjective" test). See Wilson v. Seiter, 501 U.S. 294, 298 (1991); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), cert. denied, 532 U.S. 1065 (2001). The objective test looks to whether the deprivation was sufficiently serious, as determined by the conditions alleged. See Farmer v. Brennan, 511 U.S. at 834; Johnson v. Lewis, 217 F.3d at 731. The plaintiff must allege conditions so serious as to be outside the bounds of those which "today's society chooses to tolerate." Helling v. McKinney, 509 U.S. at 36. The Eighth Amendment does not require that prisons or jails be "comfortable nor that they provide every amenity that one might find desirable." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

///

Under the subjective test, deliberate indifference is the minimum showing of culpability necessary to state a claim. See Farmer v. Brennan, 511 U.S. at 834; Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be liable for "deliberate indifference," a prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." Id. at 838. Allegations of negligence do not suffice to plead deliberate indifference. See Estelle v. Gamble, 429 U.S. at 105-06.

Numerous courts, including the Ninth Circuit, have held that conditions leading to a slip and fall in prison, without more, do not violate the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (citation and internal quotations omitted); Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (same)); Oubichon v. Carey, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing cases; see also Pyles v. Fahim, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.") (collecting cases; footnote omitted); Reynolds v. Powell, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, a slip and fall, without more, does not amount to cruel

and unusual punishment.") (citation and internal quotations omitted); Mitchum v. Honea, 2017 WL 1166133, at *2 (E.D. Cal. Mar. 29, 2017) ("Courts have routinely held that slip and fall injuries do not give rise to cognizable constitutional claims and instead sound in negligence.") (citations omitted).

In some instances, a slippery prison floor lacking protective measures may create a sufficient danger to warrant relief where the plaintiff has some known exacerbating condition. See, e.g., Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) (prison officials were aware that disabled inmate on crutches lacked accessible shower facilities and repeatedly suffered falls due to a slippery bathroom floor; in these conditions, slippery floors without protective measures could "create a sufficient danger to warrant relief," distinguishing LeMaire v. Maass); see also Anderson v. Morrison, 835 F.3d 681, 683 (7th Cir. 2016) (allegations that prisoner slipped on stairs slicked with milk and several days' worth of food and rubbish after being required to descend stairs unaided and handcuffed behind his back sufficient).

In the present case, however, Plaintiff alleges merely a slip and fall on a wet floor. These allegations, without more, are insufficient to show a constitutional violation. See Edwards v. Clark County, 2016 WL 866302, at *5 (D. Nev. Mar. 2, 2016), aff'd, ___ Fed. App'x ___, 2017 WL 3530895 (9th Cir. Aug. 17, 2017) (slip and fall due to puddled water previously reported to defendants not unconstitutional, where plaintiff did not allege any exacerbating condition or previous falls); Gilman v. Woodford, 2006 WL 1049739, at

*4 (E.D. Cal. Apr. 20, 2006), adopted, 2006 WL 1653131 (E.D. Cal. June 14, 2006), aff'd, 269 Fed. App'x 756 (9th Cir. 2008) (slippery floor caused by leaky roof not unconstitutional; distinguishing Frost v. Agnos because Gilman was not handicapped and did not suffer repeated injuries); York v. Peters, 2014 WL 848643, at *4-5 (D. Or. Mar. 4, 2014) (slippery floor not unconstitutional where plaintiff demonstrated "no special susceptibility" to slipping and falling of which defendants had notice). As indicated above, mere allegations of negligence do not suffice to plead deliberate indifference. See Estelle v. Gamble, 429 U.S. at 105-06.

Additionally, Plaintiff has failed to plead the requisite subjective deliberate indifference. Plaintiff alleges that, when Plaintiff first complained to Defendants Roldan, Chrinos, Robles and Ortega, those Defendants told Plaintiff that they would submit a work order to the maintenance department to have the shower fixed and that in the meantime Plaintiff and his cellmate could use a mop to clean up the water in front of their cell. It appears from attachments to the Complaint that the work order was submitted and that repairs eventually were undertaken. Plaintiff's allegations show that Defendants Chrinos, Robles and Ortega assertedly undertook to attempt to ameliorate the problem and did not deliberately disregard any serious threat of harm to Plaintiff. Plaintiff alleges no facts from which Defendants' subject deliberate indifference reasonably might be inferred.

Additionally, Plaintiff may not sue any supervisor pursuant to 42 U.S.C. section 1983 on a theory of respondeat superior. See Ashcroft

v. Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior") (citations omitted); Polk County v. Dodson, 454 U.S. 312, 325 (1981). A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Ashcroft v. Iqbal, 556 U.S. at 677. Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. at 1949.

Plaintiff alleges that in the eight days prior to the alleged incident Plaintiff sent inmate requests to the supervisor Defendants concerning water on the tier floor but received no response. Plaintiff's allegations do not suffice to show that the supervisor Defendants subjectively knew of and disregarded any serious risk of harm to Plaintiff, particular in light of Plaintiff's allegations that the officer Defendants told Plaintiff they would submit a work order to correct the problem and offered Plaintiff the use of a mop to clean up the water in front of the cell.

**ORDER**

The Complaint is dismissed with leave to amend.[1] If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended

---

[1] In light of the dismissal of the Complaint with leave to amend, the Court will not determine the issue of qualified immunity pending the filing of an amended pleading setting forth a cognizable claim for relief. See Mack v. Calif. Dep't of Corrections and Rehabilitation, 2016 WL 4000128, at *8 (E.D. Cal. July 25, 2016).

```
 1  Complaint.  Any First Amended Complaint shall be complete in itself
 2  and shall not refer in any manner to any prior complaint.  Plaintiff
 3  may not add Defendants without leave of Court.  See Fed. R. Civ. P.
 4  21.  Failure to file timely a First Amended Complaint may result in
 5  the dismissal of this action.  See Pagtalunan v. Galaza, 291 F.3d 639,
 6  642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may
 7  dismiss action for failure to follow court order); Simon v. Value
 8  Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234
 9  F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001),
10  overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th
11  Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without
12  leave to amend where plaintiff failed to correct deficiencies in
13  complaint, where court had afforded plaintiff opportunities to do so,
14  and where court had given plaintiff notice of the substantive
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28
```

problems with his claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: September 29, 2017.

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

PRESENTED this 26th day of September, 2017 by:

    /s/
_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE